UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XAVIER K. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV1136 CDP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This action is on appeal from an adverse ruling of the Social Security Administration. Pending before me now is the defendant's motion to reverse and remand.

Defendant answered plaintiff Xavier Johnson's complaint on September 19, 2013. I allowed Johnson to submit his brief out of time on December 2, 2013. Defendant moved for more time to file an opposition brief three times. After nearly four months had passed, on March 7, 2014, defendant moved for remand of this matter for further consideration of Johnson's claims. Defendant stated that, after reviewing the record, agency counsel determined the case should be

remanded and asked the SSA Appeals Council to accept remand voluntarily, which it has agreed to.

In his motion, defendant stated that, upon remand by this court, the Appeals Council will remand the case to a new ALJ and direct the ALJ to issue a new decision. The ALJ will be directed to obtain medical evidence to address Johnson's ability to function in the work place in light of his gastrointestinal symptoms and mental impairments; reconsider all of the treating medical source evidence and opinions in light of specific regulations and Social Security Rulings and provide an appropriate rationale to explain the weight given to such evidence; give further consideration to Johnson's maximum residual functional capacity and provide an appropriate rationale with specific references to evidence of record in support of the ALJ's conclusion; obtain appropriate testimony from a vocational expert; and if warranted, obtain evidence from a medical expert to clarify the effect of the assessed limitations on Johnson's occupational base.

Citing *Shalala v. Schaefer*, 509 U.S. 292 (1993), defendant requests that I enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). In addition, citing *Brown v.*

*Barnhart*, 282 F.3d 580 (8th Cir. 2002), defendant requests that my order include a specific statement that it is "reversing and remanding" the case.

The deadline for plaintiff Johnson to respond to defendant's motion has passed without comment from Johnson. Having considered defendant's motion, I find it to be well-taken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reverse and remand with suggestions in support [#28] is granted.

**IT IS FURTHER ORDERED** that the Commissioner's decision be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration of the plaintiff's claims.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2014.